Felix J. Aulisi, J.
The plaintiff is a citizen, resident and an interested taxpayer of the City of Amsterdam. He brings this action to permanently enjoin and restrain the defendants from holding a special taxpayers’ election called pursuant to two resolutions of the Common Council of said city, and on this motion he seeks a temporary injunction restraining the defendants from proceeding with said taxpayers’ election pending the determination of the action. The plaintiff is a proper person and qualified to bring the action.
The two resolutions and the pertinent part of the notice of taxpayers’ election all approved by a majority vote of five to three of the Common Council and approved by the Mayor read as follows:
1 ‘ Whereas, the Committee on Revaluation and Equalization has carefully considered the problem of revaluation and equalization and
“ Whereas, neither this Committee nor the Common Council has received sufficient expression of public opinion as to the desirability of a revaluation and equalization of this city; and
“ Whereas, such a program vitally affects the property rights of every taxpayer within the City of Amsterdam and should not be commingled with the exigencies of politics;
“ Now, therefore, be it
“ Resolved, that the Common Council of the City of Amsterdam set in motion the proper machinery for a referendum upon the question of a bond issue to finance the revaluation and equalization of real property within the City of Amsterdam.
Adopted
Approved: March 19, 1957 ”.
“ Resolved, that pursuant to Section 43 (d) of the City Charter of the City of Amsterdam, there shall be submitted to the qualified taxpayers of said City at a taxpayers election to be held in the City of Amsterdam on the 23rd day of April, 1957, pursuant to Section 115 of said City Charter, the following proposition for the revaluation and equalization of real property in the City of Amsterdam, namely:
“ Shall the City of Amsterdam cause to be revalued and equalized all real property in the City of Amsterdam at a cost not to exceed the sum of SIXTY-FIVE THOUSAND DOLLARS ($65,000.00)!
*934 Adopted
Approved: April 2, 1957 ”.
“ Notice is Hereby Given that a taxpayers election for the City of Amsterdam will be held on the 23rd day of April 1957 at which election every citizen who is a resident of said city of the age of twenty-one years or over whose name shall be on the city tax roll next preceding said election as owner, executor, administrator, guardian or agent, and upon whose property or upon whom as the owner or possessor of property, a tax has been assessed or imposed in and by said roll shall be entitled to vote in favor of, or in opposition to, the proposition heretofore determined to be submitted, namely:
“ Shall the City of Amsterdam cause to be revalued and equalized all real property in the said City of Amsterdam at a cost not to exceed the sum of Sixty-Five Thousand Dollars ($65,000.00) 1
“ The cost of revaluation and equalization shall be financed by the borrowing of such sum upon the credit of the city and issuing obligations therefor.”
The resolutions and notice of taxpayers’ election are not clear as to whether the authorities are seeking to obtain authority to incur financial obligations such as issuing bonds or capital notes or merely desiring to find out if the taxpayers want reassessment.
It is contended by the plaintiff that in this case the defendants are without authority to hold a referendum either for the purpose of issuing obligations or bond resolutions or capital note resolutions. The defendants argue that although they are not bound by the result of the referendum, they do have the power to call for an election pursuant to subdivision (d) of section 43 of the Amsterdam City Charter (L. 1911, ch. 242, as amd.). I do not believe that the defendants ’ position can be sustained:
The general legislative powers of the City of Amsterdam are vested in the Common Council and it is charged with the administration of the affairs of the municipality in the manner provided and under the authority of statute. It is bound to act in its administration in conformity to the statute.
Subdivision (d) of section 43 of the Amsterdam City Charter provides that the Common Council shall have power “ To call a special meeting or election of the electors or taxpayers of said city whenever in its judgment the same shall be required by the public interests or provided for by law ”.
It might appear from a reading of subdivision (d) of section 43 of the charter that the Common Council had power to submit *935 to the voters the question set forth in the resolution but it is my opinion that section 176.00 of the Local Finance Law clearly supersedes the charter for it states that “ Except as otherwise provided in this article, all statutes, local laws, ordinances, rules and regulations, insofar as they relate to the matters herein contained, are hereby superseded, it being- the legislative intent that this chapter shall constitute the exclusive law on such matters.”
Section 34.00 of the Local Finance Law provides as follows:
“a. Except as otherwise provided in paragraph b of this section, neither the expenditure of money for an object or purpose for which it is proposed to issue obligations nor a bond resolution or capital note resolution shall be subject to a mandatory or a permissive referendum in any city.
‘ ‘ b. Any city may hereafter adopt, in the manner provided by law, a local law requiring that all bond resolutions, or bond resolutions authorizing the issuance of bonds for such purposes or amounts as may be specified in such local law, shall be subject to a mandatory or a permissive referendum after such resolutions have been adopted by the finance board.”
Section 33.00 of the Local Finance Law provides as follows: “ a. Every bond resolution and capital note resolution shall be adopted by at least a two-thirds vote of the voting strength of the finance board, except that a majority vote shall be sufficient for the adoption of a resolution authorizing the renewal of a capital note.”
It seems clear to me that subdivision a of section 34.00 of the Local Finance Law provides that neither the expenditure of money nor a bond resolution nor a capital note resolution shall be subject to a mandatory or permissive referendum in any city. By subdivision b of said section a city may adopt a local law requiring that all such resolutions shall be subject to a mandatory or permissive referendum after such resolutions have been adopted by the Common Council by a two-thirds vote (Local Finance Law, § 33.00).
No bond or capital note resolution has ever been passed in this matter by a two-thirds vote. No local law has ever been passed that would bring this case within subdivision b of section 34.00 of the Local Finance Law.
I must necessarily conclude that there is no statutory authority for the referendum.
We may now consider if the Common Council could direct the holding of a taxpayers’ election under subdivision (d) of section 43 of the charter, not for the purpose of issuing obligations or bond resolutions or capital note resolutions but rather to aseer *936 tain public opinion as to whether a reassessment should be had. I do not believe the defendants have such authority, for the reason that a referendum is such a serious matter affecting the people of a community that it must be undertaken only when specifically authorized and allowed and then only for specific purposes. I am of the opinion that the charter did not intend a referendum such as is sought in this case.
The question of revaluation and equalization has plagued the people of Amsterdam for some time and although a number of organizations have passed resolutions favoring reassessment it may well be that the authorities desire to test public opinion further. In this situation they could call for a public hearing and ascertain the opinions of the residents of the city. They could also hire an expert to make a study of the assessments and give to them information so that they might properly act on the question.
In this case the election being advisory in nature would decide nothing. It would be binding on no one. The referendum proposed to be held would not give any information to the Mayor and Common Council except the opinion of taxpayers, who being human beings could possibly be controlled more by their own personal interests than they would by what was for the best interest of the city as a whole.
I fear that the result of the referendum proposed would be of no value to the authorities in making a determination as to whether or not a reassessment of the city should be had. The expenditure of money for a purpose which clearly is not for the good of the city should not be allowed.
The City of Amsterdam, like other governmental units under the American system, has a representative form of government. The defendants herein are the duly elected representatives of the people and it is their responsibility and their duty to determine the question of revaluation and reassessment.
It seems to me that the plaintiff has a right to maintain this action; that the allegations of the complaint are sufficient to state an alleged cause of action; that upon the facts appearing before this court under the law the taxpayers’ election called to be held in the City of Amsterdam on-April. 23, 1957, is a waste of public funds and unauthorized by law.
I, therefore, conclude and decide that the action of the Common Council in calling such an election is illegal and void.
An order may be submitted granting a temporary injunction pending the determination of the action.